LEONARD B. SHEARER & another *vs.* WILLIAM R. BABSON.

The purchaser of mortgaged personal property may establish his title to the same against the mortgagee by proving a verbal license from him to the mortgagor to sell it; although the mortgage contains a provision prohibiting a sale thereof without the written assent of the mortgagee.

REPLEVIN of a table and counters used in a merchant tailor's shop. At the trial in the superior court, the plaintiffs introduced in evidence a mortgage under seal of the property to them from William D. Taylor, dated March 6 1858, duly executed and recorded, to secure the payment of a promissory note of the

Shearer & another *v.* Babson.

same date for $250, which was still unpaid. The mortgage contained a provision that, if the mortgagor should attempt to sell the property without notice to the mortgagee and without his written consent, the latter might take immediate possession of it, and sell it or so much thereof as would produce a sum of money sufficient to pay the debt secured, with interest and expenses, without further notice or demand, accounting to the mortgagor for any surplus. The defendant introduced evidence tending to show that he purchased the property of Taylor on the 12th of May 1858, and he offered to prove a verbal license from the plaintiffs to Taylor to sell the same; but *Morton,* J rejected the evidence, and a verdict was returned for the plaintiffs. The defendant alleged exceptions.

*H. G. Hutchins,* for the defendant.

*G. H. Preston,* for the plaintiffs. Evidence of a subsequent parol authority to sell was inadmissible, because (1.) The parties had in express terms provided that the plaintiffs' assent to a sale should be expressed only in writing ; (2.) No consideration for it was alleged, or offered to be proved; (3.) A parol executory contract cannot discharge, release or rescind a previous sealed executory contract; (4.) The act under which the defendant claimed title was, on the part of his vendor, not only fraudulent but criminal. *St.* 1850, *c.* 284.

BIGELOW, C. J. The verbal authority or license from the plaintiff to the mortgagor to sell the property in controversy to the defendant did not tend to control or contradict any written contract between the parties. If a question had arisen between the mortgagor and mortgagee as to their respective rights under the proviso in the mortgage, by which the mortgagor was restricted from selling or disposing of the property without the written assent of the mortgagee, parol evidence would have been inadmissible to show a different agreement from that expressed in the written contract. But no such question arose in the present case. The defendant was not a party to the mortgage and was not bound by its stipulations. The whole controversy turned on the title to the property which the plaintiffs had replevied. It was competent for the defendant to show, in answer to the claim

of the plaintiffs under the mortgage, that he had acquired it by a sale made by their authorized agent. This agency might well be proved by parol. It was perfectly competent for the plaintiffs, notwithstanding the stipulations in the mortgage, to vest in the mortgagor a power, by a subsequent verbal authority, to dispose of the property. They had not precluded themselves from the exercise of such a right by the restriction imposed on the mortgagor by the proviso in the mortgage. Nor could they set up the written contract to defeat a title acquired in good faith by a third person not a party to it, through an agent acting by their authority. The original restriction in writing on the authority of the mortgagee to sell the property, did not prevent the plaintiffs from subsequently enlarging his authority by parol; and such verbal authority might well be proved to sustain a title to the property acquired by a third person under and by virtue of the acts of the agent, within the scope of the authority conferred upon him.

It was suggested at the argument that the defendant could not maintain the title which he set up under a sale from the mortgagor, because he derived it in contravention of *St.* 1850, *c.* 284 ; Gen. Sts. *c.* 161, § 62. But there is nothing in the case to show that the mortgagor sold it without informing his vendee that the same was subject to a mortgage. On the contrary, the facts stated in the exceptions would justify the inference, that the defendant was advised of the existence of the mortgage, and bought it of the mortgagor acting as the agent of the mortgagees. If such was the fact, it is clear that there was no violation of the statute.　　　　　　　　*Exceptions sustained.*